IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DONNA WILLCOCKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06-3367-S-DW-SSA |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Donna Willcockson seeks judicial review on a final decision by Defendant Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and for supplemental security income (SSI) benefits. Judicial review is now appropriate. See 42 U.S.C. §1383(c)(3).

The complete facts and arguments are presented in parties' briefs and are duplicated herein only to the extent necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly detracts

from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Determinations of credibility by the ALJ are granted deference so long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support the other side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

Analysis

Plaintiff argues (1) that the Commissioner failed to properly evaluate Plaintiff's credibility in accordance with Polaski v. Heckler, including erroneously relying on objective medical evidence, failing to properly consider third party statements, effectiveness of pain medications, pain intensity, and functional restrictions; (2) the ALJ improperly rejected the well-supported opinion of Plaintiff's examining physician, Dr. Yung Hwang, and adopted the opinion of the non-examining State Medical consultant; and (3) the ALJ relied on an invalid and incomplete hypothetical question which failed to reflect numerous limitations supported by substantial evidence.

Evaluation of Plaintiff's Credibility

The ALJ must "make an express credibility determination explaining why he [or she] did not fully credit" Claimant's subjective complaints. Lowe v. Apfel, 226 F.3d 969, 971 (8th Cir.

2

2000). In assessing credibility, the ALJ should "consider all of the evidence, including prior work records and observations by third parties and doctors regarding daily activities, the duration, frequency, and intensity of pain, precipitating and aggravating factors, the dosage, effectiveness, and side effects of medication, and functional restrictions." Id., citing Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

Plaintiff argues that the ALJ relied too greatly on the lack of objective medical evidence supporting Plaintiff's complaints. In assessing Plaintiff's credibility, the ALJ properly considered the lack of objective medical evidence as a factor. Forte v. Barnhart, 377 F.3d 892, 895 (8th Cir. 2004) ("While an ALJ may not discount allegations of disabling pain solely on the lack of objective medical evidence..., lack of objective medical evidence is a factor an ALJ may consider."). The ALJ also considered Claimant's reported daily activities, evidence as to Claimant's failure to follow through with prescribed treatment, her positive reaction to medical treatment, and inconsistencies in Claimant's testimony and medical records. See Lowe, 226 F.3d at 972 ("The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole."); Gray v. Apfel, 192 F.3d 799, 804 (8th Cir. 1999) (ALJ may properly consider the claimant's willingness to submit to treatment).

Plaintiff argues that the ALJ's credibility determination was flawed since he did not sufficiently consider Claimant's complaints of pain. In support of her argument, Plaintiff cites Copes v. Chater for the proposition that "[p]ain alone may be disabling within the meaning of the Social Security Act *if it is supported by objective medical evidence* showing the existence of a medical impairment which could reasonably be expected to cause pain." Copes v. Chater, 983 F.

3

Supp. 1268, 1273 (E.D. Mo. 1997). The ALJ did consider Plaintiff's statements as to the pain she experience. He found, however, there were inconsistencies in the record and a lack of objective medical evidence to support her complaint. Id. ("[I]f inconsistencies in the record and a lack of supporting objective medical evidence support the ALJ's decision, the court will not reverse the decision simply because some evidence may support the opposite conclusion.").

Plaintiff's mother, daughter, and sister all submitted statements concerning their observations of Plaintiff's symptoms and limitations. Plaintiff claims the ALJ improperly failed to specifically discuss these statements. Smith v. Heckler, 735 F.2d 312, 317 (8th Cir. 1984) (the 8th Circuit has held that "a failure to make credibility determinations concerning [subjective testimony of the family and others] requires a reversal and remand."). In Smith, however, the 8th Circuit was concerned with"substantially uncontroverted subjective testimony of family members and others." Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991). Here, the family member's testimony was identical to that of Claimant's, which the ALJ found was belied by the medical evidence on the record. Further, the ALJ specifically discussed the limitations raised in the letters, including Claimant's limited daily activities. The ALJ found that these limitations were "outweighed" by the other evidence on the record, including the medical evidence. See Carlson v. Chater, 74 F.3d 869, 871 (8th Cir. 1996)(upholding the ALJ's findings where the "the ALJ did not make a specific credibility finding as to [Claimant's] husband's testimony" but did make "an implicit finding after discussing the specifics of that testimony.").

Plaintiff claims the ALJ erred when he did not discuss the inconsistency between the ALJ's credibility determination and Plaintiff's statements that she is no longer able to engage in housework and hobbies in the manner she was previously able. The ALJ did, however,

4

specifically note Plaintiff's alleged limitations in daily activities in the context of his credibility discussion. The ALJ found that Claimant's alleged restrictions in activity conflicted with the medical evidence on the record.

The ALJ also found that claimant's "medications have been relatively effective in controlling her symptoms." Plaintiff argues that the record does not support this conclusion. The record shows that Claimant stated that the medications were helping. Accordingly, there is substantial evidence to support the ALJ's decision.

### Weighing the Credibility of Plaintiff's Examining Physician

Plaintiff argues that the ALJ improperly discredited the opinion of Dr. Hwang. The ALJ must evaluate every medical opinion they receive. 20 CFR 404.1527(d). In evaluating the weight of the medical opinion, however, the ALJ may consider both the nature and extent of the treatment relationship and the opinion's consistency. Id. The ALJ gave "little weight" to Dr. Hwang's opinion since it was inconsistent with both the record and Dr. Hwang's own treatment notes. Guilliams v. Barnhart, 393 F. 3d 798, 803 (8th Cir. 2005) ("Physicians opinions that are internally inconsistent, however, are entitled to less deference than they would receive in the absence on inconsistencies."). Despite statements that Plaintiff "doesn't appear to be able to hold [a] labor job due to possible bulging disc...," Dr. Hwang's own opinion states that Plaintiff's "low back shows no tenderness, spasm, or deformity." It also states that an MRI or C-T would probably be necessary to evaluate her condition.

The ALJ also attributed little weight to Dr. Hwang's opinion since it "relied quite heavily on the claimant's subjective report[s]." A medical source's opinion will be given more weight when it is supported by relevant evidence, particularly medical and laboratory findings. 20 CFR

5

404.1527(d)(3). Since Dr. Hwang's opinion was supported by very little medical evidence, the ALJ correctly accorded it little weight.

Plaintiff criticizes the ALJ's decision to adopt the State Medical consultant's findings, rather than Dr. Hwang's, on sitting and standing. The ALJ, however, may consider findings made by State Agency medical consultant's at the hearing level. 20 CFR 404.1527(f)(2). The ALJ's decision to afford the Consultant's findings greater weight than Dr. Hwang's is supported by the fact that the ALJ properly discredited Dr. Hwang's testimony, as discussed above. While the ALJ did not explicitly state the weight he gave to the State Agency Medical Consultant, it is clear that the ALJ gave it some, but not controlling, weight since the ALJ's RFC determination is more restrictive than the Consultant's.

## Validity of the ALJ's Hypothetical Question

"[F]or an ALJ to rely on a vocational expert's opinion, the posed hypothetical must accurately describe a claimant's impairments." Morse v. Shalala, 32 F.3d 1228, 1230 (8th Cir. 1994), *citing* Tennant v. Schweiker, 682 F.2d 707, 711 (8th Cir. 1982). The information given in the posed hypothetical must be supported by substantial evidence on the record as a whole. Id. Plaintiff contends that the hypothetical posed by the ALJ to the vocational expert was not supported by substantial evidence.

The hypothetical posed by the ALJ at the hearing, however, did not reflect the ALJ's final Residual Function Capacity ("RFC") determination. Instead, the ALJ merely relied on the vocational expert's testimony regarding the requirements of Claimant's past work. Since Plaintiff bears the burden of proving she cannot perform prior work, the ALJ need not rely on vocational expert testimony at step four. Lewis v. Barnhart, 353 F.3d 642, 648 (8th Cir. 2003). Whether the

6

ALJ's hypothetical question was proper is thus without effect.

In her Reply Brief, Plaintiff argues that the ALJ's RFC determination was also flawed since it improperly excluded a number of significant impairments. The excluded impairments, however, derive from testimony that the ALJ properly discredited, as discussed above. Accordingly, the ALJ was correct in excluding these impairments from his RFC.

After careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

SO ORDERED.


Date: March 16, 2007                                          /s/ DEAN WHIPPLE
                                                              Dean Whipple
                                                              United States District Court